# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DENNIS GRIFFIN,**

                **Plaintiff,**

v.                                                                    Case No.    04-C-512

**ODISE BENNETT and**
**JONATHAN DELAGRAVE,**

                **Defendants.**

## DECISION AND ORDER

On May 28, 2004, Dennis Griffin ("Griffin") filed his complaint in this Court against Odise Bennett ("Bennett") and Jonathan Delagrave ("Delagrave") (collectively "the Defendants"). Griffin alleges that the Defendants violated his Fourteenth Amendment due process rights in violation of 42 U.S.C. § 1983. Specifically, Griffin claims that his termination, without due notice, deprived him of both liberty and property. On December 21, 2004, the Defendants moved for summary judgment. That motion is now pending for decision before the Court.

The Court is taking the unusual step of withholding judgment on the pending motion and ordering the parties to re-brief the issue(s) contained therein. A party may receive summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits demonstrate that there is no genuine issue of material fact

and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The briefs presented in support of, and in opposition to, the present motion do not meet the minimum substantive requirements that would allow this Court to render an informed judgment.

As an initial matter, the parties have failed to identify clearly and brief those issues that are before the Court for adjudication. The Defendants, in both their initial and reply briefs, insist that there is only one legal issue before this Court, which is whether Griffin received adequate notice prior to his termination. Griffin does not directly deny this statement, but offers an alternative ground for his claim. (*See* Pl. D. Griffin Mem. in Opp'n to Defs.' Mot. for Summ. J. at 10.) Specifically, Griffin raises the "very important fact" that he did not receive any pay after submitting to his employer's drug test. Griffin's brief suggests that he was entitled to pre-suspension notice. He states that "[a]n argument can be made that for all practical purposes plaintiff Griffin was terminated the day he took the drug test [January 22, 2004]."

Griffin cannot obfuscate matters simply by vaguely referencing an undeveloped argument in his opposition brief. At any rate, it is perplexing that Griffin would try to argue that he was terminated on January 22, since he previously admitted that he was terminated on January 27, 2004. (*See* Pl. D. Griffin Resp. to the Defs. Proposed Findings of Fact and Conclusions of Law ¶ 16.) The Court does not know whether he is making a claim of constructive discharge, lack of pre-suspension notice, lack of adequate post-deprivation due

2

process based on a January 22nd termination date, or some other argument. The Court will not guess.

This is not the only issue given sparse treatment by the parties. Neither party has informed the Court whether Griffin was entitled to both pre- and post-deprivation hearings, whether Racine County ordinance or Wisconsin law mandates certain procedures related to the same, or whether an employee's personal knowledge of his infraction of workplace rules alone satisfies the requirements of notice under the Fourteenth Amendment.

When considering a motion for summary judgment, this Court accepts those facts of the non-movant that are supported in accordance with Fed. R. Civ. P. 56. Putting aside the failure of the parties to supply complete legal analysis, the Court's efforts have been hampered by the proffering of unsupported and even contradictory facts. For example, Griffin states that "the meeting with the juvenile was not a factor" in his termination, and then, contradicts himself by saying that the Defendants' meeting with the juvenile was a factor. (Pl. D. Griffin Resp. to the Defs. Proposed Findings of Fact and Conclusions of Law ¶¶ 71, 73.) Similarly, he simultaneously admits that he conferred with union representatives before the January 27th meeting, (see DPFOF ¶ 9), and then states that he "never had any prior discussions or communications with anyone regarding reasons for his termination prior to the meeting of January 27, 2004" and "was not given an opportunity to confer with union representatives." (PPFOF ¶ 12, 58.) Drawing inferences for the non-movant does not mean cherry-picking those facts from the non-movant's filings that will help him win his case.

3

The Defendants present quotations in their reply brief that may have an impact on the outcome of their motion. However, the quoted deposition is not a part of the record of this case. The Defendants reference an "Exhibit A" attached to the Affidavit of Nathan J. Bayer. No such exhibit was submitted to the Court and the Bayer affidavit does not even mention such an exhibit. Therefore, the Court cannot consider these quotes.

The aforementioned errors and omissions are significant based on the nature of the present case. The Court expended no small amount of time attempting to discern the legal elements and factual underpinnings of the present action. This effort was hampered by the parties' failure to attend to critical details. The Court's time will not be spent for naught. The Defendants' motion will be re-briefed. The Court will leave it to the parties to correct and/or amend their original submissions as they see fit, but in accord with this decision. However, the parties are on notice that the Court will not brook further contradictions within a party's own proposed factual findings, the proffering of vague and unsupported facts, or half-baked legal arguments.

The date of the issuance of this order will re-commence the briefing schedule found in Civil Local Rule 7.1. (The Defendants will have through July 25, 2005 to submit revised proposed findings of fact and a supporting brief and/or affidavits. Griffin will have 30 days from service of those filings to submit a response, and the Defendants may submit a reply within 15 days of service of Griffin's response.) Insofar as this matter is being re-briefed, the parties' originally set final pre-trial conference and trial dates are cancelled. The Court

4

will schedule a new final pre-trial conference call once the present order has been fully complied with.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants shall submit their amended proposed findings of fact, supporting brief and any supporting affidavits in support of their motion for summary judgment no later than July 25, 2005.

Dated at Milwaukee, Wisconsin this 21st day of June, 2005.

> BY THE COURT
>
> s/ Rudolph T. Randa
> **Hon. Rudolph T. Randa**
> **Chief Judge**